UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
************************************
                                    *
National Fire & Marine Insurance Company *
              Plaintiff             *
v.                                  *
David Moss,                         *
              Defendant             *
************************************
```

# COMPLAINT
# FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, National Fire & Marine Insurance Company, by and through its attorneys, Getman, Schulthess, Steere & Poulin, P.A. and hereby seeks a declaratory judgment ruling that David Moss is not entitled to coverage from National Fire & Marine Insurance Company for claims made against him by Robin Lirosi as Personal Representative of the Estate of Vincenzo Lirosi.

## INTRODUCTION

1.  Robin Lirosi as Personal Representative of the Estate of Vincenzo Lirosi ("Plaintiff in Underlying Action" or "Lirosi") has brought claims against David Moss ("Insured" or "Moss"), among others, seeking compensation for damages and losses in connection with the death of Vincenzo Lirosi on December 4, 2021 in Durham, New Hampshire. Lirosi filed a nine-count complaint on November 9, 2023 in the Strafford County Superior Court in New Hampshire against thirteen defendants, one of whom is Moss ("Underlying Action"). Moss is named in two of those counts, specifically: Count Seven – Battery and Count Eight – Assault.

1

2. According to the Complaint ("Complaint", attached as Exhibit A) in the Underlying Action, Moss was involved in an incident at a fraternity house party during which Vincenzo Lirosi ("Vincenzo"), who was inebriated, was assaulted and made to leave the premises. Vincenzo was later found dead in the woods after falling into a body of water and drowning ("Incident").

3. On December 4, 2021, Moss was an insured under an insurance policy ("Policy", attached as Exhibit B) issued by National Fire & Marine Insurance Company ("NF&M" or "Insurer").

4. Moss has requested that NF&M provide him with liability coverage under the Policy for the Underlying Action.

5. NF&M is currently providing Moss with a defense in the Underlying Action pursuant to a Reservation of Rights. (Reservation of Rights letters, collectively attached as Exhibit C).

6. The Policy does not provide coverage for the allegations against Moss.

7. NF&M requests a judgment by the Court finding that NF&M has no duty to defend Moss or provide him with indemnity coverage in the Underlying Action.

## THE PARTIES

8. According to the Complaint, at the time of the Incident Moss was a resident of a fraternity house occupied by Sigma Chi, located at 18 Main Street, Durham, New Hampshire. He currently resides at 826 State Street, Portsmouth, New Hampshire.

9. Moss is a citizen of the State of New Hampshire.

10. Upon information and belief, before living in New Hampshire, Moss resided with the named insured of the Policy, Raymond Ross, at 32 Nathan Lord Road 215 in Amherst New Hampshire.[1]

11. NF&M is an insurance company incorporated in the State of Nebraska and has its principal place of business in the State of Nebraska.

12. NF&M is a citizen of the State of Nebraska.

## JURISDICTION & APPLICABLE LAW

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000 as demonstrated by a demand made by the Plaintiff in the Underlying Action.

14. The operable law for seeking a declaratory judgment in this case is NHRSA 491:22, which is the statutory means in New Hampshire to seek a ruling regarding insurance coverage.[2] *See* RSA 491:22-a; *see also* Liberty Mut. Fire Ins. Co. v. SoClean, Inc., 2023 DNH 105 (the substantive law of New Hampshire applies to the coverage issues in a diversity case whereas the federal Declaratory Judgment Act, 28 U.S.C. §2201 is procedural only); Hansen v. Sentry Ins. Co., 756 F.3d 53, 57 (1st Cir. 2014) (same). When an insurer conducts business and issues insurance policies in multiple states, including New Hampshire, the applicable law is the state where the risk giving rise to the demand for coverage occurred. Ellis v. Royal Ins. Co., 129 N.H. 326, 332 (1987); *see also*, Diamond International Corp. v. Allstate Insurance Co., 712 F.2d 1498 (1st Cir. 1983).

---

[1] A student under the age of 24 at the time of the incident is considered an "insured" if he or she is a relative of the named insured, is enrolled in school full time, and was resident of the named insured's household before moving out to attend school.

[2] While the insurance policy at issue could be construed as establishing that Nebraska substantive law applies, NF&M consents to and asserts that New Hampshire substantive law applies to this matter. *See* Policy at pp. 11, 33.

15. Here, the Incident took place in New Hampshire and the Underlying Action is pending in New Hampshire. Therefore, New Hampshire law governs. Raymond v. Monsanto Company, 329 F. Supp. 247 (D.N.H. 1971) (law of place of accident governs details of performance of contract, at least where plaintiff resides therein and suit is commenced there).

16. Pursuant to RSA 491:22-a, an insurer has the burden of proof in a petition for declaratory judgment under RSA 491:22 to determine the coverage of a liability insurance policy.

17. The interpretation of insurance policy language is an issue of law for the court to decide. Cincinnati Specialty Underwriters Ins. Co. v. Best Way Homes, Inc., 175 N.H. 142, 146 (2022).

18. Venue is appropriate because the Incident giving rise to the Underlying Action occurred in New Hampshire, the Underlying Action is pending in New Hampshire, and the Insured is seeking coverage in New Hampshire.

## FACTS

19. According to the Complaint, Vincenzo was over-served alcohol at Scorpion's Bar and Grill following which he entered the Sigma Chi fraternity house. While there, Moss was part of a "full-out brawl" against Vincenzo during which Vincenzo was "hit with multiple closed fist punches and pushed to the ground multiple times". Complaint at ¶ 107, 109. Moss is alleged to have kicked Vincenzo in the ribs and torso. Complaint at ¶ 109. Moss is also alleged to have taken Vincenzo's cell phone. Complaint at ¶ 118.

20. Moss is named in two counts in the Complaint: Count Seven – Battery and Count Eight – Assault. Complaint at pp. 17 -18.

21. In Count Seven, Moss along with other defendants is alleged to have "acted with the intention of causing harmful or offensive contact with [Vincenzo] Lirosi, and an offensive contact with [Vincenzo] Lirosi directly or indirectly resulted." Complaint at ¶ 199.

22. In Count Eight, Moss, again along with other defendants, is alleged to have "acted with the intention of causing harmful or offensive contact with [Vincenzo] Lirosi, or intention of causing an imminent apprehension of such contact, and [Vincenzo] Lirosi was thereby put in such imminent apprehension." Complaint at ¶ 203-205.

23. Moss is an insured under homeowners insurance policy number NF033FL0307898 issued by NF&M. The Policy is a Home Three X-Wind policy that provides a personal liability limit of $300,000.00. The terms and conditions of the Policy's liability coverage include the following:

### HOMEOWNERS 3 – SPECIAL FORM

**Agreement:** We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

…

**SECTION II – LIABILITY COVERAGES**
**A. Coverage E – Personal Liability**
If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and
2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

24. The Policy contains certain exclusions to coverage. In particular, the Policy provides:

> **SECTION II – EXCLUSIONS**
>
> …
>
> **E. Coverage E – Personal Liability And Coverage F – Medical Payments To Others**
>
> Coverages **E** and **F** do not apply to the following:
>
> **1. Expected Or Intended Injury**
>
> > "Bodily injury" or "property damage" which is expected or intended by an "insured" even if the resulting "bodily injury" or "property damage":
> >
> > **a.** Is of a different kind, quality or degree than initially expected or intended; or
> >
> > **b.** Is sustained by a different person, entity, real or personal property, than initially expected or intended.

25. The Policy also contains an endorsement that excludes coverage for assault and battery, namely the ASSAULT, BATTERY & SEXUAL MISCONDUCT EXCLUSION – AB HO 0716 endorsement, which provides as follows:

> **ASSAULT, BATTERY & SEXUAL MISCONDUCT EXCLUSION – AB HO 0716**
>
> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> This endorsement modifies insurance provided under the following:
>
> The following is added to **SECTION II – EXCLUSIONS, E. Coverage E – Personal Liability And Coverage F – Medical Payments to Others**:
>
> Notwithstanding any other language or provisions contained in this Policy to the contrary, it is agreed and understood that the coverage afforded by any section of this Policy does not apply to "bodily injury", "property damage" or medical payments to others arising directly or indirectly out of any actual or alleged assault, battery or act of sexual misconduct, or any act or omission in connection with the prevention or suppression of such assault, battery or

6

sexual misconduct, including alleged failure to provide adequate security whether caused by or at the instigation or direction of the "insured", or any "residence employee", or any other person. "Sexual misconduct" includes, but is not limited to, sexual molestation, sexual harassment or sexual abuse; corporal punishment; any physical or mental abuse of any person; or discrimination or humiliation.

All other provisions of this policy apply.

## COUNT I – DECLARATORY JUDGMENT

26. NF&M hereby incorporates by reference the allegations set forth in paragraphs 1 through 25.

27. Insurance policies are interpreted according to "the plain and ordinary meaning of the policy's words in context." Peerless Ins. v. Vt. Mut. Ins. Co., 151 N.H. 71, 72, 849 A.2d 100 (2004). "Policy terms are construed objectively, and [when] the terms of a policy are clear and unambiguous, we accord the language its natural and ordinary meaning." *Id.*

28. The allegations in the Complaint relative to Moss are that he participated in a "full-out brawl" against Vincenzo that included Vincenzo being "hit with multiple closed fist punches and pushed to the ground multiple times". Complaint at ¶ 107, 109. Moss, himself, is alleged to have kicked Vincenzo in the ribs and torso. Complaint at ¶ 109. These factual allegations, according to the Complaint, give rise to two separate causes of action against Moss for battery and assault, respectively. Complaint at pp. 17 -18.

27. In Count Seven, Moss is alleged to have "acted with the intention of causing harmful or offensive contact with Lirosi, and an offensive contact with [Vincenzo] Lirosi directly or indirectly resulted." Complaint at ¶ 199.

28. In Count Eight, Moss is alleged to have "acted with the intention of causing harmful or offensive contact with [Vincenzo] Lirosi, or intention of causing an imminent apprehension of such contact, and Lirosi was thereby put in such imminent apprehension." Complaint at ¶ 203-205.

7

29. The Complaint alleges that Moss expected or intended the harm he allegedly inflicted on Vincenzo.

30. SECTION II – EXCLUSIONS of the Policy excludes "Bodily injury" that is expected or intended by an "insured". The Policy, therefore, excludes coverage for the claims against Moss.

31. The Policy's Assault, Battery & Sexual Misconduct Exclusion endorsement provides: "it is agreed and understood that the coverage afforded by any section of this Policy does not apply to 'bodily injury'… arising directly or indirectly out of any actual or alleged assault, battery or act of sexual misconduct …"

32. In the Complaint, Moss is alleged to have committed battery and assault that resulted in bodily injury to Vincenzo.

33. Therefore, the Assault, Battery & Sexual Misconduct Exclusion endorsement excludes coverage for the claims made against Moss.

34. All of the allegations, claims, and counts against Moss in the Complaint are excluded by the Policy, and thus Moss is not entitled to coverage under the Policy. NF&M, therefore, is not obligated to provide Moss with a defense in the Underlying Action.

WHEREFORE, National Fire & Marine Insurance Company, respectfully requests that this Honorable Court:

    A. Rule that David Moss is not entitled to liability coverage under the National Fire & Marine Ins Co. policy with respect to the claims made Robin Lirosi as Personal Representative of the Estate of Vincenzo Lirosi;

    B. Rule that National Fire & Marine Insurance Company has no obligation to defend and indemnify David Moss with respect to the claims made by Robin Lirosi as

  Personal Representative of the Estate of Vincenzo Lirosi;

C. Issue a summons for service upon David Moss in accordance with Rule 4 of the Federal Rules of Civil Procedure and Local Rule 4.1;

D. Grant a jury trial with respect to any disputed issues of fact; and

D. Grant such other and further relief as may be just and equitable.

  Respectfully submitted,

  NATIONAL FIRE & MARINE INSURANCE COMPANY,

  By its Attorneys,

  GETMAN, SCHULTHESS, STEERE & POULIN, P.A.

Dated: February 22, 2024  By: /s/ Elizabeth Hurley
  Elizabeth L. Hurley, Esq. (NH Bar #16851)
  1838 Elm Street
  Manchester, NH 03104
  (603) 634-4300
  ehurley@gssp-lawyers.com